STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

AMANI S. FLOYD (CABN 301506)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6940
    FAX: (415) 436-7234
    Amani.Floyd@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KAMAAL L. OWEN,<br><br>    Defendant. | CASE NO. 3:21-MJ-71611 MAG<br><br>**MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION TO DETAIN**<br><br>Judge: Honorable Thomas S. Hixson<br>Date:  October 19, 2021<br>Time:  10:30 a.m. |

**INTRODUCTION**

On October 11, 2021, defendant Kamaal OWEN was arrested in Humboldt County, California pursuant to a federal arrest warrant issued out of the Eastern District of Wisconsin. Mr. Owen has been charged via Indictment with violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) – Possession with Intent to Distribute a Controlled Substance, and 21 U.S.C. § 846 and 18 U.S.C. § 2(a) – Conspiracy to Distribute a Controlled Substance. Pursuant to 18 U.S.C. § 3142, the United States moves to detain Mr. Owen on the grounds that he is a flight risk and poses a danger to the community.

**BACKGROUND**

**I.  OFFENCE CONDUCT**

    Mr. Owen is a target of a long-term federal investigation into a nationwide marijuana distribution

operation that spans from California to Maryland. Mr. Owen owns and operates a marijuana grow site located in Garberville, California and is believed to be a major supplier of marijuana to a target drug trafficking organization ("DTO"). Specifically, it is believed that Mr. Owen conspired with other members of the DTO to sell marijuana grown at his site to the DTO. That marijuana was then transported across the country and distributed in cities and states such as Milwaukee, North Carolina, Pittsburg, Virginia, Maryland, and the greater Washington D.C. area.

## ARGUMENT

**I.  LEGAL STANDARDS**

The Bail Reform Act of 1984 permits pretrial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Drug trafficking crimes, such as here, for which the maximum penalty is ten years or more carry a rebuttable presumption that no condition(s) will reasonably assure the appearance of the defendant and the safety of the community. *Id*. The presumption places a burden of production on the defendant to come forward with some evidence that if released he will not flee or endanger the community. *United States v. Portes*, 786 F.3d 758, 764 (7th Cir. 1985); *see also United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). Even if a defendant offers some evidence to rebut the presumption, it remains in the case as an evidentiary finding militating against release, although the ultimate burden of persuasion rests with the government. *Hir*, 517 F.3d at 1086; *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986).

Detention is appropriate where the defendant is either a flight risk or a danger to the community; it is not necessary to prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). While a finding that a defendant is a danger to the community must be supported by clear and convincing evidence, 18 U.S.C. § 3142(f), a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Motamedi*, 767 F.2d at 1406.

In determining whether pretrial detention is appropriate, the court must consider information regarding the nature and circumstances of the charged offense; the weight of the evidence; the danger posed by the defendant to any person or the community; and the history and characteristics of the defendant. 18 U.S.C. § 3142(g). This is an individualized assessment. *See id*; *see also Tyler v. United*

*States*, 705 A.2d 270, 277 (D.C. Cir. 1997) ("The statutory scheme and language make clear that the trial court's determination . . . justifying pretrial detention is to be based on an individualized assessment of information . . . .").

## II. MR. OWEN POSES BOTH A FLIGHT RISK AND A DANGER TO THE COMMUNITY

As explained at Mr. Owen's Arraignment, prior to Mr. Owen's arrest on October 11, 2021, the United States did not plan to move for Mr. Owen's pretrial detention. However, in contrast to Mr. Owen's recently arrested co-defendants, during execution of a search warrant of his home and property, law enforcement found a substantial amount of cash and numerous weapons that did not appear to be recreational. Given the proximity of these items to the large quantity of drugs found in his home and on his property, the government has serious concerns that Mr. Owen indeed poses a danger to the community. He also most certainly has means to flee prosecution, which will take place in the Eastern District of Wisconsin. For these reasons, the United States submits that no condition or combination of conditions will reasonably assure Mr. Owen's appearance at proceedings in this matter or protect the public should he be released from custody.

### A. The 3142(g) Factors Weigh in Favor of Mr. Owen's Pretrial Detention

Mr. Owen stands charged with Possession with Intent to Distribute and Conspiracy to Distribute more than 100 kilograms of marijuana, a Controlled Substance. This case is more than what defense counsel has described as just a "marijuana case." This is a case in which Mr. Owen is believed to be a major supplier of drugs to a large-scale and nationwide drug trafficking organization. The marijuana that Mr. Owen was unlawfully growing and selling was shipped across state lines to the eastern seaboard where it was re-packaged and distributed in cities along the East Coast and in the Eastern District of Wisconsin.

Furthermore, upon execution of a search warrant of Mr. Owen's home and property, law enforcement found approximately $200,000 in cash spread throughout the property and thirteen (13) rifles, two (2) shotguns, and (3) pistols on the property. Below are some pictures of what law enforcement found at Mr. Owen's home and on his property:

//

//

//














1      Specifically, law enforcement officers found a Draco assault pistol which was located in a large separately built garage to the east of the residence.  This garage where the assault pistol was located also contained approximately 1,080 pounds of processed and packaged marijuana.  Furthermore, approximately $25,000 in loose cash along with firearms were located in the master bedroom.  In the master bedroom, law enforcement officers also recovered approximately a 1/4 ounce of cocaine, MDMA powder, MDMA pills, and psilocybin mushrooms along with identifiers for Mr. Owen.

     Installed at the residence were multiple surveillance cameras with multi-view monitors capturing all views of the property.  These cameras were mounted in the kitchen and in another room.  Additionally, in a tunnel room, law enforcement officers located firearms, packaged marijuana, and processing/packing equipment such as vacuum sealers and bags.

     At the time of Mr. Owen's arrest, he provided a *Mirandized* statement where, in part, he stated the following.  Mr. Owen stated that he used cocaine daily and frequently used MDMA and psilocybin.  When questioned about the firearms, Mr. Owen stated that he did not hunt and "just had them [the firearms]," and said that he received some of the firearms as debt payment.  When law enforcement inquired as to the nature of the debt, Mr. Owen declined to provide additional information.  Thus, there is reason to believe that Mr. Owen's possession of the firearms found in his home and on his property were possessed in violation of 18 U.S.C. §§ 922(g)(3) – Unlawful User of a Controlled Substance in Possession of Firearm and 924(c) – Possession of Firearm During and In Relation to Drug Trafficking.

     Additionally, law enforcement found a tunnel that had been dug from his child's bedroom that led to an empty safe.  Law enforcement suspects that the safe was emptied by a member of Mr. Owen's family during execution of the search warrant.

     If released, Mr. Owen would presumably be going home to where no condition or set of conditions would prevent him from reestablishing himself as a supplier of drugs to another drug trafficking organization and amassing large sums of money that would assist him if he decided to flee.  To this end, Mr. Owen has never engaged in any other employment other than marijuana trafficking.  It is for these reasons that the United States respectfully asks the Court to order Mr. Owen detained pending trial, afterwhich he would be transferred to the Eastern District of Wisconsin to face the charges against him.

//

| | | |
|---|---|---|
| 1 | DATED: October 18, 2021 | Respectfully submitted, |
| 2 | | |
| 3 | | STEPHANIE M. HINDS<br>Acting United States Attorney |
| 4 | | |
| 5 | | /s/ Amani S. Floyd |
| 6 | | AMANI S. FLOYD<br>Assistant United States Attorney |